# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Javon Wooten | Case Number: 1: 05 CR 10205 - NG - 01 |
| | USM Number: 25689-038 |
| | Timothy G. Watkins |
| | Defendant's Attorney |

☑ Additional documents attached
Transcript Excerpt of Sentencing Hearing

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  1 & 2
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:    Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:USC§922(g)(1) | Possession of a Firearm & Ammunition by Convicted Felon | 03/03/05 | 1 |
| 21:USC§841(a)(1) | Possession of Five or More Grams of Cocaine Base w/Intent to Distribute | 03/03/05 | 2 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/20/06
Date of Imposition of Judgment

s/Nancy Gertner
Signature of Judge

The Honorable Nancy Gertner
Judge, U.S. District Court
Name and Title of Judge

3/9/07
Date

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page 2 of 10

DEFENDANT: **Javon Wooten**
CASE NUMBER: **1: 05  CR  10205  - NG - 01**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 110 month(s)

On counts 1 and 2 to be served concurrently with each other.

[✓] The court makes the following recommendations to the Bureau of Prisons:

Defendant serve his time at FMC Devens or a facility in the Northeast Region as close as possible to Brockton, MA;  Participate in Anger Mgmt counseling and in the BOP 500-Hour Residential Drug Abuse Program (if dft agrees to participate).

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

[ ] at _____  [ ] a.m.  [ ] p.m.  on _____ .

[ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[ ] before 2 p.m. on _____ .

[ ] as notified by the United States Marshal.

[ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
　　　　　　　　 Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: **Javon Wooten**
CASE NUMBER: **1: 05 CR 10205   - NG  - 01**

Judgment—Page **3** of **10**

# SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     **48**   month(s)

　　The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

　　If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

　　The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA) (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Case 1:05-cr-10205-NG   Document 20   Filed 03/09/2007   Page 4 of 10

DEFENDANT: **Javon Wooten**
CASE NUMBER: **1: 05 CR 10205 - NG - 01**

Judgment—Page **4** of **10**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The defendant is prohibited from possessing a firearm or other dangerous weapon.

The defendant is to participate in an anger management program as directed by the US Probation Office.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

AO 245B(05-MA) Case 1:05-cr-10205-NG Document 20 Filed 03/09/2007 Page 5 of 10
(Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page 5 of 10

DEFENDANT: **Javon Wooten**
CASE NUMBER: **1: 05 CR 10205 - NG - 01**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ $200.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $ $0.00 | $ $0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)  Case 1:05-cr-10205-NG   Document 20   Filed 03/09/2007   Page 6 of 10
(Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **Javon Wooten**
CASE NUMBER: **1: 05 CR 10205 - NG - 01**

Judgment — Page 6 of 10

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **Javon Wooten**
CASE NUMBER: **1: 05 CR 10205 - NG - 01**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 7 of 10

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

   A  ☐  **The court adopts the presentence investigation report without change.**

   B  ☑  **The court adopts the presentence investigation report with the following changes.**
      (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

      1  ☐  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

      2  ☐  **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

      3  ☑  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

         Court found the that defendant is not an Armed Career Criminal.

      4  ☐  **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

   C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

   A  ☐  No count of conviction carries a mandatory minimum sentence.

   B  ☑  Mandatory minimum sentence imposed.

   C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

      ☐  findings of fact in this case
      ☐  substantial assistance (18 U.S.C. § 3553(e))
      ☐  the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:  31
Criminal History Category:  VI
Imprisonment Range:  188  to  235  months
Supervised Release Range:  4  to  5  years
Fine Range:  $ 15,000  to  $ 2,000,000
☑  Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **Javon Wooten**  
CASE NUMBER: **1: 05 CR 10205 - NG - 01**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 8 of 10

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

- A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

- B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
  (Use Section VIII if necessary.)

- C ☑ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
  (Also complete Section V.)

- D ☐ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

- A **The sentence imposed departs** (Check only one.):
  - ☑ below the advisory guideline range
  - ☐ above the advisory guideline range

- B **Departure based on** (Check all that apply.):

  1 **Plea Agreement** (Check all that apply and check reason(s) below.):
  - ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
  - ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
  - ☐ binding plea agreement for departure accepted by the court
  - ☐ plea agreement for departure, which the court finds to be reasonable
  - ☐ plea agreement that states that the government will not oppose a defense departure motion.

  2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
  - ☐ 5K1.1 government motion based on the defendant's substantial assistance
  - ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
  - ☐ government motion for departure
  - ☐ defense motion for departure to which the government did not object
  - ☑ defense motion for departure to which the government objected

  3 **Other**
  - ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

- C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | Other guideline basis (*e.g.,* 2B1.1 commentary) |

- D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

  See section VIII, for details.

DEFENDANT: **Javon Wooten**  Judgment — Page 9 of 10
CASE NUMBER: 1: 05 CR 10205 - NG - 01
DISTRICT: MASSACHUSETTS

# STATEMENT OF REASONS

**VI COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

| | |
|---|---|
| DEFENDANT: | **Javon Wooten** |
| CASE NUMBER: | **1: 05 CR 10205 - NG - 01** |
| DISTRICT: | **MASSACHUSETTS** |

Judgment — Page 10 of 10

# STATEMENT OF REASONS

**VII  COURT DETERMINATIONS OF RESTITUTION**

A  ☑  Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

I find that the defendant is not an Armed Career Criminal.  The extraordinary increase in sentence in this case is because of the combination of the Career Offender guidelines and the crack cocaine disparity.  Defendant's record-a District Court record-vastly overstates his culpability .  Nevertheless, I will not depart below the range spelled out by the level 25 Criminal History Category VI, because of the gun chages in the defendant's record.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | Date of Imposition of Judgment 11/20/06 |
| Defendant's Date of Birth: 1977 | s/Nancy Gertner |
| Defendant's Residence Address: 122 Nilsson Street, Brockton, MA 02301 | Signature of Judge<br>The Honorable Nancy Gertner    Judge, U.S. District Court |
| Defendant's Mailing Address: Plymouth County Facility, 26 Long Pond Rd, Plymouth, MA 02360 | Name and Title of Judge<br>Date Signed 3/9/07 |

```
                    UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF MASSACHUSETTS


     UNITED STATES         )    CR. NO. 05-10205-NG
     VS.                   )    COURTROOM NO. 2
     JAVON WOOTEN          )    1 COURTHOUSE WAY
                                BOSTON, MA  02210


                             SENTENCING
                         NOVEMBER 20, 2006
                            3:20 P.M.




              BEFORE THE HONORABLE NANCY GERTNER
               UNITED STATES DISTRICT COURT JUDGE




                       VALERIE A. O'HARA
                      OFFICIAL COURT REPORTER
A P P E A R A N C E S:
     United States Attorney's Office, by WILLIAM H.
CONNOLLY, ASSISTANT UNITED STATES ATTORNEY, One Courthouse
Way, Suite 9200, Boston, Massachusetts  02210, for the
United States;

     Federal Defender's Office, by TIMOTHY G. WATKINS, 408
Atlantic Avenue, Boston, Massachustts  02210, for the
Defendant.
```

<u>PROCEEDINGS</u>
THE CLERK:  All rise.
THE COURT:  You can all be seated.  I had to take time to read the memo which I thought might be a good thing to do.  This is in Mr. Wooten's case.  Has the government had an opportunity to read the defendant's memo?
MR. CONNOLLY:  I have, your Honor.
THE COURT:  You didn't file anything.  Do you want to argue?
MR. CONNOLLY:  I had talked to Attorney Watkins about this a while back.  I prefer not to get into the legal merits of the argument because it's my position that under the circumstances of that particular case where he received a guilty file.
THE COURT:  Right.
MR. CONNOLLY:  My knowledge of what goes on and specifically the Brockton District Court where I've practiced before that under the circumstances of this case, I think you can use a guilty file, but I think under the circumstances of this particular case, I don't think it's appropriate to use it here.  I would ask the Court not to use it without making an actual legal finding on the issue.
THE COURT:  I understand. Let's sort of deal with the formalities of this.  First, Mr. Wooten, would you please stand.  Can you raise your right hand.
(Defendant was sworn)
THE COURT:  Have you read the presentence report?  You put your hand down now.  Have you read the presentence report?
THE DEFENDANT:  Yes.
THE COURT:  Are there any other corrections in it other than your lawyer has provided to you, anything else you want to add to it factually?
THE DEFENDANT:  My mother, my wife, my sisters, my brothers, my cousin.
THE COURT:  Oh, my.  And the children?
THE DEFENDANT:  My kids, too.
THE COURT:  That's kind of important, don't you think?
THE DEFENDANT:  Yes.
THE COURT: All right.  Thank you.  What is the government's recommendation?
THE DEFENDANT:  Your Honor, the government would ask for the low end which I think comes out to 188.
THE COURT:   188 of the career offender guidelines?
MR. CONNOLLY:  I'll just say a couple of words.  I understand that the defendant's asking for a significant deviation and to the extent the Court's going to consider it, I would just ask you to consider a couple things:  1, although the career offender guidelines can certainly at times be harsh, particularly in cases where the predicates

result from District Court convictions, I think these convictions I don't think fall necessarily at the lower end.

I think they're at least somewhere in the middle because I think they are serious domestic violence incidents. One of them occurred while he was on probation for the first one so I do think they're reasonably serious predicates. It's not a situation where someone had, you know, two guilty probations for a couple of barroom fights or minor incidents or for a small drug case.

Secondly, I would say, I would point out to the Court even if you cast aside the career offender guidelines, his range would be 110 to 137 just on the guideline calculation with his criminal history because this is a case where he gets two criminal history category 6 on his own. He earned it. I understand that it's mandated by the career offender guideline, but if you put that to the side, he is a career offender category 6.

Just finally I'd point out with the violent history, obviously it demonstrated history of recidivism. I recognize the familial report. I've read the presentence report. It kind of cuts both ways. It's nice to see the defendant in this courthouse has the support he has.

At the same time, it kind of puts him sadly almost in a minority of defendants who come before this Court because he had a very caring and interested mother, granted his father stayed behind in Virginia, as you know, and a lot of defendants we see in this defendant's position, they don't have a single parent who has provided the support, and clearly this defendant had a very caring mother as demonstrated by the fact that she's adopted I think seven children, so I would just simply ask the Court to consider those factors if in fact the Court considers deviating from the career offender guideline.

THE COURT: Mr. Watkins.

MR. WATKINS: Thank you, your Honor. Admittedly, this is not an easy case to sort out. There's a lot of cognitive dissonance here. In one sense the guideline is very high. It's obviously boosted by the career offender status. His record is difficult, and there's a substantial crime underlying this. It is distribution of crack cocaine and guns were found, things all of which are difficult things to see.

The cognitive dissonance comes from the career offender status particularly. While it's true he has a difficult record, what we don't see are substantial prison sentences, the kind of ladder that I think Congress particularly had in mind when at first you get to the stage where they're looking at a very, very stiff kind of sentence.

It is all District Court dispositions, and it's true it includes some difficult cases where domestic violence were

involved. Having said that, we don't see a lot of the indicia that we I think ordinarily should see in these career offender kind of cases. The Court has seen, and Mr. Connolly has pointed out the substantial, very significant support from his family. Oftentimes we see in career offender cases, a majority of the career offender cases, people have burned their bridges, in addition to having the serious criminal history burned their bridges by the long prison sentence they've done and all of the different chances that they've had.

That's not true for Mr. Wooten. In fact, it's quite the opposite. He is now married to the punitive victim of one of the domestic violence cases that makes him a career offender, and she is fully supportive and he fully supportive of her. Some of the children that he calls his children are back here are actually her children that he's become the father figure to.

And, similarly, his mother talks about the figure he's been to the adopted siblings that he's had, and it's really become the backbone or has always been the backbone for the family over the years, really things we don't expect to see in somebody that's been designated a career offender for purposes of the sentencing guidelines.

As I pointed out, I think the breakdown comes from the way the career offender guideline is built here in a person like Mr. Wooten where it's the combination of the kind of street level crime that Mr. Wooten had both in his past and in the instant offense in combination with the kind of urban area where he lives where an individual frankly is more likely to be arrested and more likely to have the kinds of brushes with the law, and the third thing that complicates it all is the fact that there's the crack cocaine disparity which pumps up the guideline both for the career offender purposes and the underlying crime itself. As I pointed out, if there were powder cocaine, we'd be looking at no mandatory minimum and a sentence even with the guns in the range of 57 to 63 months.

So really the question is what do I do at this point? When we look to the underlying reasons for the career offender, it was Congress's decision and the Sentencing Commission followed up on it that it's very easy to predict who is going to be a recidivist. You look and you find two of certain kinds of crimes and we know that that person for the rest of their lives is going to be a problem that needs protection of the public, and that means locking up for a long period of time.

While that seems to break down in a case like Mr. Wooten's here where he has that kind of support system where he has relatively minor crimes, again, not to denigrate the seriousness of any of them, but they are District Court

kinds of dispositions so I think in that sense Congress and the Sentencing Commission are wrong in a person like Mr. Wooten to say that those two crimes are going to be indicators of long-term recidivism.
I think that quite the opposite is true here with Mr. Wooten.  We have lots of indications why he's not going to be a recidivist.  I should say from Mr. Wooten's point of view the five-year mandatory minimum is going to be enough.  It's a very, very substantial sentence given the past.  He is 29 years old.  It's a very imperfectly, it's a time when people who are in that kind of street life typically back off it, and that seems to be the point where Mr. Wooten was.  He's going to have to do a serious sentence no matter what the Court imposes here, and that may be enough.  We simply don't know.
Is it something in between those two ranges, the 15 years and the 5 years?  I would suggest that it probably is.  I was very torn about trying to come --
THE COURT:    Between the 15 years?
MR. WATKINS:  Pardon me?
THE COURT:    There's a five-year mandatory minimum, there is 110 months you said for distribution of crack cocaine without the career offender.
MR. WATKINS:  That's correct, distribution of crack cocaine and the two point bump for the guns.
THE COURT:   Would be 110 months?
MR. WATKINS:  Yes, and that would be strictly that.  I would suggest that is far more than enough in Mr. Wooten's case to address the issue of what the Sentencing Commission thought was important here which is whether an individual is going recidivate or not.
110 months is nearly or just a little bit over nine years which would put Mr. Wooten into his upper 30's, again, empiricallly at an age we know where people have long since stopped doing those kinds of behaviors, particularly who's got the kind of support and shows the indicators he's getting out of that particular kind of life.  So I think there are ample reasons under 3553A that the Court cannot really, obviously the Court cannot cast aside and should not cast aside the guideline sentencing range, but there are a number of other indicators that would say that quite a bit less is required here to effectuate that particular goal, the recidivism goal.
I'm actually quite confident that Mr. Wooten once he does whatever sentence this Court imposes on him is not going to be any more of a danger to the community or any other kind of goals that need to be addressed in this sentencing statute.  I'm quite convinced talking to his family, talking to his wife and most importantly talking to him that this really is the end of this criminal history here with this

Federal Court indictment and the very long kind of sentence that he's looking at.  He has a family that he's committed to, he's demonstrated that commitment.  He was out on bail, be it for a relatively short period of time, but, again he demonstrated a break from his past.
THE COURT:  Out on bail on the State charge that was the underlying charge to this event?
MR. WATKINS:  That's correct.  And, again, it would have been easy for him to perhaps leave the jurisdiction or go back to doing the kinds of things he was doing.  He didn't do any of that.  What he did was tried to take that time to provide for his family knowing that a very serious kind of trouble was ahead for him.
THE COURT:  The violence are the two episodes of domestic violence?
MR. WATKINS:  That's correct, that would be the two crimes of violence that would make him a career offender at this point.  Beyond that it is again not to denigrate the seriousness of his record, there are many criminal history points there, but, on the other hand, it's relatively speaking less serious kinds of crimes, a lot of possession of cocaine.  There are possession of firearms.
Again, while they are serious kinds of offenses, they are the kinds of things we see in the inner city that Mr. Wooten was in.  I think the Court can be confident that it went substantially under the careen offender guideline that Mr. Wooten is not going to be a risk to recidivate.  I would ask the Court to consider a sentence below that.
THE COURT:  Below the career offender, in other words, below 158 months?
MR. WATKINS:  It's actually 188 months.
THE COURT:  With the crack cocaine?
MR. WATKINS:  Because it's crack cocaine, it becomes a 40-year maximum, so it's kind of an enhanced career offender, if you will, but I think the Court has mentioned 110 months.  I would suggest even that is far more than enough for Mr. Wooten.
THE COURT:  Mr. Wooten, do you have anything you want to add?  I welcome anything you have to say.
THE DEFENDANT:  I'd just like to thank God that we're all living today, thank my wonderful family for being with me and all the wrong decisions I made.  I would also like to thank him for providing me with a good opportunity attorney and the best Judge that there is in this country.
THE COURT:  Did he tell you to say that?
THE DEFENDANT:  No, but I've heard a lot about you, and I've heard a lot about you, and I know that you always are a fair Judge.
THE COURT:  Do you want to tell me something about your family in addition?

THE DEFENDANT:  I love them.  They've been there for me from day 1.
THE COURT:   All right.  Give me a few minutes just to go through this.
(A recess was taken.)
THE CLERK:  All rise.
THE COURT:   You can be seated.  I was struggling with your sentence, and I really do, I was looking at one of the last pages of Mr. Watkins' memo which I think frames this issue.  If Mr. Wooten, if this were powder and Mr. Wooten were not a career offender, it would just be 57 to 63 months.  If this were crack and he weren't a career offender, it would be 110 months.  If it were powder and he was a career offender, it would be 151 months, and the combination of a career offender and the crack disparity is 188 months.
It seems to me that that's a dramatic disparity not justified by this case.  There's no question that pre-Booker Courts had a right to depart downward under       5A1.3 on the nature of the record, and the record, I agree with you, Mr. Watkins, does not justify the kind of bump that the career offender provisions provide.
So that means that Mr. Wooten is somewhere between 110 months and 188 months.  I understand that your argument about the difference between crack and powder is an argument that would put some of a downward pull even on 110 months, and there will be a case that I will look at that more carefully because whereas someone who distributes powder cocaine at the lowest level can get a role adjustment, crack is horizontally, there's a horizontal distribution, the person gets it, cooks it and distributes it.
I would want to look who is in fact least culpable even as a crack dealer.  The problem here, and I agree with you that this is a relatively small amount, dealing in a relatively small amount.  What keeps me from going below 110 months is the guns and the violence.  If it were only a record about drug dealing, that would be one thing, but the guns and the violence, even though the violence can be explained and addressed, makes me unwilling to go below 110 months.
I think that's a very substantial sentence justified by in part the crack powder disparity, in part by his record and by the fact that there are guns and a record of violence and not all the people who come here charged with crack offenses have that, so while I appreciate the argument under <u>U.S. v. Foe</u> that there's going to come a time, they'll be a particular case where I'll say the crack powder disparity doesn't make sense in this case, while the crack disparity doesn't make sense in this case, there are other factors that make sense in this case.
I appreciate that Mr. Wooten was trying to turn his life around, and I'd love to have the Court of Appeals see what I

see, which is this extraordinary family and supportive family, and I appreciate that. That's the reason I will in fact depart from the 188 months to 110 months. I will give Mr. Wooten virtually almost half, half of the sentence that he would otherwise get. I will do that.
I think 110 months reflects his record and reflects what he has been charged with in this case and reflects some hope for the future as well and reflects what 3553A requires, so I'll accept the guideline calculations which are in the presentence report which everyone has accepted.
I agree with both parties that it's not an armed career criminal case in this particular case. I know the government reserves the argument in other cases, and I look forward to hearing those arguments in those other cases. The career offender enhancement is extraordinary because of the crack cocaine disparity and not justified by this record which while a serious record, you know, is a record that has an explanation, and the explanation has something to do with, has an explanation in terms of factors which you can control.
One factor was obviously reconciling yourself with your wife, so that was one factor that you can control, and the other factor is to get your life in order so that you so that you can have a job and a family and obligations, so I'm going to depart to actually I don't have a guideline book. The guideline range then is total offenses of 25 and with the career enhancement, that was up to career offender enhancement, that was up to 31 with the criminal history 6 is 188. Under the career offender guidelines, I can decline to enhance, that's what I'll do. I will decline to enhance the offense level so the range is offense level 25, criminal history 6 for a range of 110 to 137 months, and I'll sentence you to 110 months.
Mr. Wooten, would you please stand. Thank you for your comments. Thank you your family for coming. This is a substantial reduction in the sentence you otherwise could have gotten. I'm going to sentence you to 110 months. Your time spent in state custody, in federal custody will be credited, 110 months on each count to be served concurrently.
While you're in prison, I will make a recommendation that you participate in an anger management program, and though I know that you said you didn't have a drug problem, I'm going to recommend you participate in the 500-hour drug program. If you do, it results in a reduction in your sentence if you complete it successfully so there's really every incentive for you to do that.
Upon your release, you're placed on supervised release for four years on each count, all counts to run concurrently. Within 72 of hours of your release, you're to report to the

district into which you've been released.  You're not to
commit another federal, state or local crime or possess an
illegal substance.  You're to refrain from any unlawful use
of a controlled substance and submit to drug testing within
15 days of your release and at least two periodic drug tests
thereafter not to exceed 104 tests per year.
I will not require a DNA sample.  That's still being
litigated.  I don't want to impose it.  You're to comply
with the standard conditions, and, in addition, you're
prohibited from possessing a firearm or other dangerous
weapon.  You're to participate in an anger management
program as directed by probation, and you're to pay a
special assessment of $200, which is due immediately.
You understand that I've reduced the sentence as far as I
can go I think logically.  The reason I'm not reducing it
any further is because of the guns and the violence in your
background.  There would be no justification for going any
further.  I think that 110 months is more than enough to
meet the purposes of sentencing, and somehow looking at the
faces in this room, I don't think there's any chance that
when you get out there will be any further conduct like
this.  You have much, much too much to live for to repeat
this kind of conduct.  I think you understand that.  You
have a right to appeal, and your lawyer will let you know
what that consists of thank you.
THE CLERK:  All rise.
( Whereupon, the hearing was suspended at                 4:34
p.m.)

```
                    C E R T I F I C A T E
UNITED STATES DISTRICT COURT )
DISTRICT OF MASSACHUSETTS    )
CITY OF BOSTON               )

        I, Valerie A. O'Hara, Registered Professional
Reporter, do hereby certify that the foregoing transcript
was recorded by me stenographically at the time and place
aforesaid in No. 05-10205-NG, In Re:  United States vs.
Javon Wooten and thereafter by me reduced to typewriting and
is a true and accurate record of the proceedings.


                        _____
                        VALERIE A. O'HARA
                        REGISTERED PROFESSIONAL REPORTER
```